**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOHN RUSSELL POWELL,

      Plaintiff,

v.                                 Case No.: 3:08-cv-00449-RV-EMT

HARRY R. MCNESBY, Sheriff of
Escambia County, Florida; Chief
Deputy Sheriff LARRY SMITH,
Deputy Sheriff REX BLACKBURN,
MICHAEL SWINEHART POLITICAL,
INC., a Georgia for profit corporation
Registered to do business in the
State of Florida, MICHAEL T.
SWINEHART, in his individual
Capacity; and JIMMY R. CALHOON, in
his individual capacity,

      Defendants.
_____/

## DEFENDANTS MICHAEL SWINEHART POLITICAL, INC., AND MICHAEL SWINEHART'S MOTION FOR  SUMMARY FINAL JUDGMENT AND MEMORANDUM OF LAW

      Defendants, Michael Swinehart Political, Inc., and Michael T. Swinehart (hereinafter "Swinehart Defendants"), by and through their undersigned counsel, hereby move for summary judgment in their favor, pursuant to Fed. R. Civ. P. 56 and N.D. Fla. Loc. R. 7.1, on the grounds that pleadings, affidavits, discovery and disclosure materials on file show that there is no genuine issue as to any material fact and that the Swinehart Defendants are entitled to judgment as a matter of law.  In support of their Motion, Swinehart Defendants state as follows:

**<u>General Allegations</u>**

1.      This is an action for damages arising out of the alleged harassment of Plaintiff John Russell Powell ("Powell") during and after his 2004 campaign to be elected as Sheriff of Escambia County, Florida.

2.      On August 27, 2008, Powell filed a five-count complaint in the Circuit Court in and for Escambia County, Florida, against Defendants Michael T. Swinehart and Michael Swinehart Political, Inc. ("Swinehart Defendants"), Sheriff Harry R. McNesby, Deputy Sheriff Larry Smith, Deputy Sheriff Rex Blackburn, and Jimmy Calhoon.

3.      Powell alleged jurisdiction of the action under 28 U.S.C § 1983 and 28 U.S.C. § 1343.

4.      The defendants timely removed the case to the United States District Court for the Northern District of Florida pursuant to federal question jurisdiction.

5.      Powell has dismissed Defendants McNesby, Blackburn, and Smith from this lawsuit.

6.      The complaint alleges two civil rights violations involving the Swinehart Defendants:

A.      Count I alleges that all defendants collectively acted to harass and intimidate Powell in his candidacy for sheriff in violation of his First Amendment right to run for an elected position and his Fourteenth Amendment rights.

B.      Count II alleges that all defendants conspired to harass and intimidate Powell in retaliation for his decision to seek election to political office and to deter him from the exercise of that right, in violation of his rights under the First and Fourteenth Amendments.

7.     A statement of material facts as to which the Swinehart Defendants contend there is no genuine issue to be tried accompanies the filing of this motion.  N.D. Fla. Loc. R. 56.1(A).  Those facts are incorporated herein by reference.

8.     The Swinehart Defendants deny Powell's claims under 28 U.S.C § 1983 on the basis that Powell cannot demonstrate the underlying requirement of state action for his civil rights claim, as well as any evidentiary basis.

9.     If they prevail in this motion, the Swinehart Defendants are entitled to attorney's fees and costs under 42 U.S.C. 1988.  Powell's claims are without foundation and are unreasonable. *Hepperle v. Panama Machinery and Supply Co.,* 532 F.Supp. 1085 (N.D. Fla. 1982).

10.     Because there is no genuine issue as to any material fact, the Swinehart Defendants are entitled to a judgment in their favor as a matter of law.

### **MEMORANDUM OF LAW**

#### Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case to which the nonmoving party has the burden of proof.  *Cornelius v. Town of Highland Lake*, 880 F.2d 348, 351 (11th Cir. 1989).

3

<u>Powell's Claims Against the Swinehart Defendants</u>

Powell alleges that the Swinehart Defendants were involved in the following misconduct:

1.      Defendants McNesby and Smith contracted with, requested or agreed with the Swinehart Defendants to obtain false or derogatory information for a smear campaign against Powell.  (Amended Complaint, ¶ 34.)

2.      The Swinehart Defendants hired Jimmy Calhoon "to obtain derogatory information" about Powell.  (*Id.* at ¶ 35.)

3.      A flyer containing inaccurate information about Powell's elimination of supervisory positions held by minorities was provided to a minority newspaper, the *Pensacola Voice,* by someone from the Sheriff's Office.  Powell alleges that the information contained in the flyer was obtained by Calhoon at the direction of the Swinehart Defendants.   (Amended Complaint, ¶ 29 and Exhibit A; Exhibit A, Powell depo., 170:21–174:23.)

4.      The Swinehart Defendants, in concert with other defendants, prepared a package containing Calhoon's interview summaries for dissemination during the campaign. (Amended Complaint, ¶ 42.)   Mr. Swinehart put the interview summaries "document" together.  (Exhibit A, Powell depo., 344:21-24.)

5.      Mr. Swinehart had notice the interview summary statements were false from a letter from one of Calhoon's interview subjects, who indicated that several of her statements were taken out of context and that the interview summary was a "gross

misrepresentation and mischaracterization of the interview." (Amended Complaint, ¶ 48 and Exh. D; Exhibit A, Powell depo., p. 351.)

Powell's claims are fatally defective because he cannot satisfy the underlying requirement of state action to sustain his civil rights action and, further, he lacks evidence to raise an issue in support of his claims.

42 U.S.C. § 1983 claim

Under 42 U.S.C. § 1983, a person has a cause of action against other persons who "under color of statute, ordinance, regulation, custom, or usage of any State," subject a citizen to the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws." To maintain a § 1983 claim, a plaintiff must show that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed *under color of state law*." (Emphasis added.) *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). The under-color-of-state-law element of § 1983 excludes private conduct, no matter how discriminatory or wrongful. *Id.* Accordingly, liability attaches only to individuals who "carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Nat'l Collegiate Ath. Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988) (citing *Monroe v. Pape,* 365 U.S. 167, 172 (1961)).

In limited circumstances, the actions of private entities can be deemed state action. The Eleventh Circuit has recognized three tests through which private entities can be said to have acted under color of state law -- the public function test, the state compulsion test and the nexus/joint action test. *Harvey v. Harvey*, 949 F.2d 1127, 1130

5

(11th Cir. 1992) (citing *NBC v. Communication Workers of America,* 860 F.2d 1022, 1026 (11th Cir. 1988).  A private party will be viewed as a 'state actor' for § 1983 purposes "[o]nly in rare circumstances."  *Briggs v. Briggs,* 245 F.App'x 934, 935 (11th Cir. 2007) (citing *Harvey*, 949 F.2d at 1130).

Powell alleges that Defendants McNesby, Smith and Blackburn were acting under color of state law, but he makes no such allegation against the Swinehart Defendants. (Amended Complaint, ¶ 7-9, 76.)  To support his civil rights claims against the Swinehart Defendants, Powell apparently attempts to "bootstrap" his under-color-of-state-action requirement from these other defendants to assert a separate level of "state action" by the Swinehart Defendants.  Even assuming that Powell could prove that the other defendants used their positions to act under color of state action, Powell cannot apply that result to implicate the Swinehart Defendants as "state actors" because he has no evidence of a conspiracy or other wrongdoing.  Under any of the three rigorous tests discussed below, Powell's claim fails.

Public Function Test.  The public function test confers state action only when private actors are given powers or perform functions that are traditionally the exclusive prerogative of the State.  *Harvey,* 949 F.2d at 1131.  This is a difficult burden to establish as few activities are "exclusively reserved to the states."  *Id.* (quoting *Flagg Brothers*, *Inc. v. Brooks*, 436 U.S. 149, 158-59 (1978)).  Powell has neither alleged nor produced any record evidence that the Swinehart Defendants were granted such state power.  The public function test does not apply.

State Compulsion Test.   The state compulsion test applies only where the government coerces or significantly encourages the private party's actions to violate the Constitution.  *NBC,* 860 F.2d at 1026.  The Swinehart Defendants were employed by McNesby, individually.  (Exhibit C, Swinehart Affidavit, ¶ 6 and Exh. 1.)  Powell has not proven that Defendants McNesby, Smith and Blackburn were acting under color of state law, but, even assuming that he could, Powell has no evidence whatsoever that those defendants, *in their governmental capacities*, coerced or significantly encouraged any illegal act by the Swinehart Defendants.  This test does not apply.

The Nexus/Joint Action Test.   To prove a sufficient nexus, a plaintiff must show that "there is a sufficiently close nexus" between the government and the private party such that the conduct "may be fairly treated as that of the State itself."  *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974).   Joint action is found where the government has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise,"   *Harvey,* 949 F.2d at 1131 (quoting *NBC,* 860 F.2d at 1026).

Courts require proof that the state and private parties reached an agreement to violate constitutional rights, and then subsequently acted on that agreement. This agreement requirement is tantamount to a conspiracy.  *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002) ("section 1983 does not afford a remedy against a private person unless that person is shown to have conspired with one or more state actors"); *see also Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980); *Harvey,* 949 F.2d at 1133; *NAACP v. Hunt,* 891 F.2d 1555, 1563 (11th Cir. 1990); *Moore v. Bargsted,* 203

F. Appx. 321, 323 (11th Cir. 2006) ("For § 1983 purposes, a private person generally acts 'under color of state law' only when engaged in a conspiracy with state officials"); *Artubel v. Colonial Bank Group, Inc.,* 2008 WL 3411785, *14 (M.D. Fla. Aug. 8, 2008) (a plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists); *Hosea v. Langley,* 2006 WL 314454, *31 (S.D. Ala. Feb. 8, 2008) ("the lack of evidence of a conspiracy is likewise fatal to plaintiffs' substantive section 1983 claims in Counts I and II against those [private] defendants").

If the conspiracy claim fails, the substantive claim fails. *Rowe,* 279 F.3d at 1285 (affirming summary judgment on § 1983 claim where there was no evidence of unlawful agreement with a state agent). Again, assuming first that Powell can prove that the other defendants were acting as state agents, proving a conspiracy with them is the only means by which Powell can hold the Swinehart Defendants liable under 42 U.S.C. § 1983

    a. <u>Level of proof required to survive summary judgment on a section 1983 conspiracy claim.</u>

The dismissed defendants, McNesby, Smith, and Blackburn, through their affiliation with the Escambia County Sheriff's Office, can be the only individuals clothed with any degree of state authority. In essence, Counts I and II of the Amended Complaint alleges that the defendants conspired to and acted to violate Powell's constitutional right to run for public office by individually and collectively engaging in harassing and intimidating conduct. As discussed above, Powell has the burden to prove that the Swinehart Defendants conspired with McNesby, Smith, and/or Blackburn to be joint participants in this alleged wrongful enterprise.

8

A civil rights conspiracy is commonly defined as a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages. *Earle v. Benoit,* 850 F.2d 836, 844 (1st Cir. 1988) (citing *Hampton v. Hanrahan,* 600 F.2d 600, 620-21 (7th Cir.1979).  To prove a section 1983 conspiracy, "a plaintiff must show that the parties reached an understanding to deny the plaintiff ... her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of County Comm'rs,* 956 F.2d 1112, 1122 (11th Cir.1992).  ("the linchpin for conspiracy is agreement, which presupposes communication")

To prove the existence of an understanding or willful participation, Powell is not required to produce a "smoking gun."   *Rowe,* 279 F.3d at 1283-84; *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir. 1990).  However, a mere scintilla of evidence will not suffice  --  there must be enough of a showing that  a jury could reasonably find for the plaintiff.  *McCree v. Turner*, 2006 WL 1391076, *3 (M.D. Ala. May 16, 2006) (citing *Rowe,* 279 F.3d at 1283-84).  Conclusory allegations of a conspiracy without specific facts have no probative value and are legally insufficient to defeat summary judgment.  *Sun v. Girardot*, 237 F. App'x 415, 417 (11th Cir. 2007).

> b.   Powell has produced no evidence that the Swinehart Defendants conspired to violate Powell's civil rights.

Powell has no material facts demonstrating or suggesting a conspiracy.    His evidence of an unlawful agreement involving the Swinehart Defendants is based solely on his own conclusory allegations in the Amended Complaint.

9

The Swinehart Defendants' only feasible connection to any allegation of wrongdoing is the interview summaries.   As discussed in the Statement of Material Facts, it is undisputed that Michael Swinehart hired Jimmy Calhoon to conduct background research on Powell, directing him to focus on only those issues which could have affected Powell's ability to do his job.  It is undisputed that Mr. Calhoon conducted the interviews and prepared written summaries of those interviews.  It is undisputed that Mr. Calhoon gave the interview summaries to Mr. Swinehart, who in turn gave them to the McNesby Campaign.  Powell acknowledged that he has no information to suggest that the Swinehart Defendants told Calhoon to obtain false information.  (Exhibit A, Powell depo., 345:21–346:4.)  He could not cite evidence of an agreement among the Swinehart Defendants and the other alleged conspirators to create and disseminate false information about Powell.  He does not know who distributed the summaries.  (*Id.* at 157:18-159:21.)   As he acknowledges, Powell's "evidence" against the Swinehart Defendants is only that they were McNesby's campaign consultant and that the interview summaries exist,  as well as an email that has no relationship to the Swinehart Defendants.  (*Id.* at 245:16-246:23, 265:2-14.)  This evidence is insufficient to prove a conspiracy.

Initially, Powell listed multiple witnesses who he contended possessed factual information of the Swinehart Defendants involvement in the alleged harassment and conspiracy.  Of those deposed, not one witness provided evidence to support Powell's claim.  No deponent testified to knowledge of any conspiracy and many did not even recognize the name of Michael Swinehart or his corporation. (Exhibit D; Deposition of

Gary Willis,   31:9-16; Exhibit F; Deposition of Brian Rupert, 55:3-56:13; Exhibit G; Deposition of Lloyd McGruder, 15:23-16:11, 16:12-17:19; Exhibit H, Deposition of Michael Kunert, 65:19-66:22; Exhibit I, Deposition of Cyrus Cranford, 29:14-30:13; Exhibit J, Deposition of Jeff Vancamp, 50:18-51:13; Exhibit K, Deposition  of Michael Steele, 31:19-32:22; Exhibit L, Deposition  of Saundra Grant, 57:2-58:8; Exhibit M; Deposition of Shon Madril, 18:7-24.) Additionally, Mr. Swinehart's sworn declaration specifically refutes Powell's claim against the Swinehart Defendants. (Exhibit C.) Indeed, there is not a single witness or document that tends to prove that the Swinehart Defendants participated in a conspiracy of any kind.

## Conclusion

Powell has produced no record evidence of any agreement between the Swinehart Defendants and any state actor to unlawfully violate Powell's civil rights. Without a conspiracy, there can be no state action imparted to the Swinehart Defendants.  Acting solely as private entities, the Swinehart Defendants cannot violate 42 U.S.C. § 1983 as a matter of law.

WHEREFORE, Defendants, Michael Swinehart Political, Inc., and Michael T. Swinehart, respectfully request that this Court enter a summary final judgment in their favor, finding that:

1) There is no evidence to prove that the Swinehart Defendants reached an agreement or entered into a conspiracy with any state actor to deprive Powell of any constitutional rights.

11

2)  The Swinehart Defendants were, at all times material, private entities not
    acting under color of state law.

3)  There is no evidence establishing that the Swinehart Defendants acted to
    violate Powell's civil rights under the First Amendment and Fourteenth
    Amendment;

4)  Because there are no material undisputed facts that would permit Powell
    to maintain Count I or Count II of his Amended Complaint, the Swinehart
    Defendants are entitled to summary judgment as a matter of law;  and

5)  Reserving jurisdiction for an award of attorney's fees and costs to the
    Swinehart Defendants.

/s/ Jason W. Peterson
**DENNIS K. LARRY, ESQ.**
Florida Bar No. 200549
dlarry@cphlaw.com
**JASON W. PETERSON, ESQ.**
Florida Bar No. 174701
jpeterson@cphlaw.com
Clark, Partington, Hart, Larry,
Bond & Stackhouse
P. O. Box 13010
Pensacola, FL 32591-3010
(850) 434-9200
**Attorneys for the Swinehart Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail on James R. Murray, Esq. and Julia O. Murray, Esq., 420 East Pine Ave., Crestview, FL 32536, Eric D. Stevenson, Esq., 105 E. Gregory Square, Pensacola, FL 32502 and Thomas F. McGuire, II, Esq., 314 South Baylen Street, Ste. 112, Pensacola, FL 32502 on December 21st, 2009.

    <u>/s/ Jason W. Peterson</u>
    Jason W. Peterson

A0549425