**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**JOHN RUSSELL POWELL,**
                          Plaintiff,

Vs.                                        Case No: 3:08-CV-00449

**MICHAEL SWINEHART POLITICAL,**
**INC**., a Georgia for profit corporation
registered to do business in the State
of Florida, **MICHAEL T. SWINEHART**,
in his individual capacity; and **JIMMY R.**
**CALHOON**, in his individual capacity.
                          Defendants.
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE
## DEFENDANT CALHOON'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, by and through the undersigned Counsel, pursuant to N.D. Fla. Loc. R. 56.1(A), and files this response and memorandum of law in opposition to the Defendant Calhoon's Motion for Summary Judgment.

## GENERAL ALLEGATIONS

1.   The Plaintiff in his amended complaint alleges in Count I that Calhoon and the Swinehart Defendants' (hereinafter "MSP")  together with the Escambia County Sheriff's Office Defendants acted together to violate the First and Fourteenth Amendment civil rights of the Plaintiff during his candidacy in the 2004 Escambia County, Florida Sheriff's race.

2.   The Plaintiff in his amended complaint alleges in Count II that Calhoon and MSP together with the Escambia County Sheriff's Office Defendants conspired together to violate the First and Fourteenth Amendment

civil rights of the Plaintiff during his candidacy in the 2004 Escambia County, Florida Sheriff's race.

## EXHIBITS

1. Exhibit A – Deposition of Michael Swinehart

2. Exhibit B – Deposition of Harold McNesby

3. Exhibit C – Deposition of Jimmy Calhoon

4. Exhibit D – Deposition of the Plaintiff

5. Exhibit E – Sworn affidavit of Terry Adams

6. Exhibit F – Sworn affidavit of Tim Kemp

7. Exhibit G – Sworn affidavit of Jimmy Tant

8. Exhibit H – Sworn affidavit of Don Oliver

9. Exhibit I – Letter of engagement between M. T. Swinehart and Jim Calhoon.

Each of these exhibits in their entirety are hereby incorporated into and made a part of this response.  The Plaintiff also incorporates the Memorandum in Opposition to the Defendants' MSP Motion for Summary Judgment to include exhibits which are hereby incorporated into and made a part of this response.

## STATEMENT OF MATERIAL FACTS

The Defendant McNesby hired MSP to assist him in his re-election campaign for the Office of Sheriff in Escambia County, Florida during the 2004 election.[1]

---

[1] Depo of McNesby, Pg. 6, Line 16-25; Pg. 7, Line 1-7.

2

McNesby obtained negative information[2] concerning the Plaintiff and discussed the information with MSP.[3]  All of the information received or obtained by McNesby and his staff was anonymous[4].   The information consisted of allegations of criminal misconduct and immoral activity on the part of the Plaintiff, specifically that he had committed criminal acts as a police executive in accepting kickbacks, engaging in immoral acts with employees, and had engaged in racial discrimination in violation of the Constitution.  McNesby then gave the negative information to MSP and they agreed to hire a private investigator to verify the information.[5]

MSP then hired the Defendant Calhoon to determine if the facts obtained by McNesby were factually accurate.[6]   Calhoon was not a licensed[7] private investigator in either North Carolina or South Carolina.[8]  Despite the fact that the letter of engagement[9] between MSP and Calhoon that an investigation of the Plaintiff was not to include matters that "might involve personal or domestic issues", the obvious reason for the investigation was to obtain precisely that type of information.   The chain of events began with the receipt of negative information by McNesby and his staff. Then an agreement was entered into between McNesby and MSP to have MSP hire someone to obtain negative facts

---

[2] Depo of McNesby, Pg. 9, Line 19-25; Pg. 10, Line 1-16; Pg. 14, Line 1-12.
[3] Depo of McNesby, Pg. 8, Line 12-25; Pg. 9, Line 1-5.
[4] Depo of McNesby, Pg. 9, Line 2-5; Pg. 13, Line 22-25; Pg. 14, Line 1-12.
[5] Depo of McNesby, Pg. 10, Line 8-16
[6] Depo of Swinehart, Pg. 10, Line 4-18.  *See also*, Depo of Calhoon, Pg. 13, Line 19-22.
[7] www.sled.sc.gov/Documents/PI/pilicnew.doc; www.ncdoj.com/About-DOJ/Legal-Services/Legal-Opinions/Opinions/License-Requirement-for-Private-Investigators.aspx; NC Stat. G.S. § 74C-3
[8] Depo of Calhoon, Pg. 10, Line 21-25; Pg. 11, Line 1.
[9] *See*,Exhibit C to Swinehart affidavit attached to Motion for Summary Judgment.

that could be used in McNesby's re-election campaign.   Based upon that agreement, MSP hired Calhoon.

Calhoon then traveled to Hartsville, SC and Wilson, NC to obtain the requested information.   Calhoon identified himself as being associated with Escambia County Florida with the inference that the association was in an official capacity.[10]  Calhoon also identified himself as a retired F.B.I. agent.[11]

Calhoon interviewed Chief Tim Kemp of the Hartsville, SC Police Department who gave a positive recommendation on the Plaintiff[12] but Calhoon did not create an interview summary for Chief Kemp.[13]

The only persons that Calhoon contacted in Wilson, NC were police officers who had been disciplined by the Plaintiff during his tenure as Chief of Police.[14]

Calhoon then prepared interview summaries of the individuals he allegedly interviewed.[15]   The interviews were not under oath[16] nor were the interviewees allowed to review the final typed summaries before they were transmitted to MSP.[17]   The obvious motivation of Calhoon was to locate only derogatory

---

[10] *See*, Exhibit D to Plaintiff's Amended Complaint.  See also, Depo of Plaintiff, Pg. 348, Line 15-25; Pg. 349, Line 1-14.
[11] Depo of Calhoon, Pg. 25, Line 13-25.
[12] *See*, Exhibit F – Sworn affidavit of Tim Kemp; *See also,* Exhibit H – Sworn affidavit of Don Oliver.
[13] Depo of Calhoon, Pg. 22, Line 9-24.
[14] *See*, Para. 38-39, Plaintiff's Amended Complaint.
[15] Depo of Calhoon, Pg. 19, Line 5-9;  The interview summaries were attached as exhibits to the Plaintiff's Amended Complaint.
[16] Depo of Calhoon, Pg. 30, Line 2-4.
[17] *See*, Exhibit D to Plaintiff's Amended Complaint (Letter by Lt. Adams directed to MSP).

information concerning the Plaintiff and to attempt to provide attribution for the anonymous material received by McNesby and MSP.[18]

Calhoon did not interview any city officials in Wilson, NC to determine if the facts he placed in his interview summaries were accurate.[19]  Calhoon then gave the interview summaries to MSP.[20]  An investigation conducted by the city attorney for Wilson, NC determined that all of the allegations contained within the interview summaries were without a factual basis.[21]

MSP then gave the interview summaries to McNesby.[22]  MSP admits that the information contained within the interview summaries was of no value but despite that knowledge still gave the summaries to McNesby.[23]

MSP was placed on notice that the content of one or more of the interview summaries was inaccurate but took no action to convey that information to McNesby or his staff.[24]

The interview summaries were then distributed by McNesby or his agents to employees of the Escambia County Sheriff's Office and members of the community.[25]  MSP was aware of the distribution by McNesby and that knowledge was reflected by Swinehart when he met the Plaintiff following the campaign.  Swinehart asked the Plaintiff at that meeting if the Plaintiff was "going to kick his ass."[26]  In addition, the comment also reflects that Swinehart was

---

[18] *See*, Exhibit E, Affidavit of Terry Adams; *See also*, Exhibit G - Sworn affidavit of Jimmy Tant.
[19] Depo of Calhoon, Pg. 37, Line 7-25; Pg. 38, Line 1-25; Pg. 39, Line 1-25.
[20] Depo of Calhoon, Pg. 31, Line 6-9.
[21] Depo of Plaintiff, Pg. 283, Line 18-25; Pg. 284, Line 1-10.
[22] Depo of Swinehart, Pg. 18, Line 8-25; Pg. 19, Line 1-9.
[23] Depo of Swinehart, Pg. 18, Line 17-22.
[24] Depo of Swinehart, Pg. 20, Line 24-25; Pg. 21, Line 1-25, Pg. 22, Line 1-9.
[25] *See*, Plaintiff's Amended Complaint; *See also*, Depo of Plaintiff, Pg. 278-83.
[26] Depo of Plaintiff, Pg. 226, Line 21-25; Pg. 227, Line 1-11.

aware that the interview summaries that he had given to McNesby had been sent to Dothan City officials in an on-going course of harassment directed at the Plaintiff following the campaign.[27]

The Plaintiff has denied all of the allegations contained within the interview summaries that were contracted by MSP, created by Calhoon, received by MSP and given to McNesby by MSP.[28]

Calhoon does not direct the Court to any record evidence that supports the assertions that he has made in his "Summary of Facts per <u>Defendant Calhoon</u>."

<u>**MEMORANDUM OF LAW**</u>

**I.      WHETHER THERE IS SUFFICIENT RECORD EVIDENCE TO SUPPORT PLAINTIFF'S ALLEGATIONS OF CONSPIRACY IN COUNT II OF THE AMENDED COMPLAINT.**

The Eleventh Circuit Court of Appeals restated the requirements for private party liability in *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271 (Fla. 11th Cir. 2002) held:

> Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks, 449 U.S. 24, 27 101 S.Ct. 183, 186 (1980); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988), overruled in part on other grounds by Whiting v. Traylor, 85 F.3d 581, 584 n. 4 (11th Cir.1996)*. To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants "reached an understanding to violate [his] rights." *Strength, 854 F.2d at 425* (quotation omitted). **The plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy,*1284** *Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990)*, but must show some evidence of agreement between the defendants. *Bailey v. Bd. of County Comm'rs of*

---

[27] Depo of Plaintiff, Pg. 227-28; Pg. 235-40; Pg. 243-44; Pg. 247-48.
[28] Depo of Plaintiff, Pg. 344, Line 1-25.

*Alachua County,* 956 F.2d 1112, 1122 (11th Cir.1992), pg. 1283-84, Emphasis added.

*Bendiburg, supra*, made clear at the summary judgment stage that the Plaintiff is only required to produce sufficient evidence of an understanding or agreement between the private party and the state actor to accomplish an unconstitutional goal. The <u>Statement of Material Facts</u> above outlines the understanding and agreement between Calhoon, MSP and McNesby as reflected by the depositions attached as exhibits. There is sufficient record evidence to support the denial of Calhoon's Motion for Summary Judgment on this point.

## II.     WHETHER THERE IS SUFFICIENT RECORD EVIDENCE OF FALSE STATEMENTS.

The Plaintiff's deposition[29] together with the affidavits[30] attached to this memorandum clearly create sufficient record evidence to support the allegations contained within Count I of the Plaintiff's amended complaint. The Plaintiff has produced four affidavits to support his opposition to a <u>Motion for Summary Judgment</u>. Calhoon has not produced a single affidavit from the eleven other employees he interviewed. Furthermore, Calhoon did not interview any city officials to determine if the information he placed in the interview summaries was credible information that should be disseminated. As described in the Statement of Facts above, Calhoon simply took the information provided anonymously to MSP and attempted to attribute the information to an actual person. Calhoon's actions reflect a reckless disregard for the potential impact on the Plaintiff's First Amendment rights.

---

[29] Exhibit D
[30] Exhibits E, F, G, and H

### III.    WHETHER "FLAT IRON CORPORATION, INC." IS THE REAL PROPERTY IN INTEREST.

The collaboration and retention of Calhoon by MSP did not involve a corporate interest.  MSP hired Calhoon in his personal capacity[31] after a referral from an attorney that knew Calhoon.[32]   Exhibit "I" clearly reflects that the contractual arrangement between MSP and Calhoon was with Calhoon in his personal capacity.   Flat Iron Corporation, Inc. is not mentioned in Exhibit "I." Furthermore, the Defendant's deposition reflects that he was working in his personal as opposed to his corporate capacity.[33]   In addition, Calhoon was not licensed to work in either North Carolina or South Carolina as a private investigator.[34]  Thus his illegal job activity deprives him of any protection that a corporation might have provided.

Calhoon may have had an interest in a corporate entity but the Letter of Engagement and his deposition clearly reflect that he was working in his personal capacity as a retired F.B.I. agent doing work for MSP.

Wherefore the Plaintiff moves this Honorable Court to deny the Defendant's Motion for Summary Judgment.

---

[31] Depo of Calhoon, Pg. 12, Line 10-18.
[32] Depo of Calhoon, Pg. 12, Line 19-25.
[33] Depo of Calhoon, Pg. 13, Line 19-22; Pg. 14, Line 25; Pg. 15, Line 1-3; Pg. 16, Line 10-17; Pg. 18, Line 1-10.
[34] Depo of Calhoon, Pg. 10, Line 21-25; Pg. 11, Line 1; Pg. 12, Line 10-18; Pg. 24, Line 22-25; Pg. 25, Line 1-25.

Done this 17th day of February, 2010 in Crestview, Okaloosa County, Florida.

Respectfully submitted,

___/s/ *James R. Murray*_____
James R. Murray
James R. Murray, P.A.
420 East Pine Avenue
Crestview, FL 32539
850 682-6165
Fla. Bar No: 0299162
Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17th, 2010, I electronically filed this document by using the CM/ECF system, which will send a notice of electronic filing to all Counsel of record in this cause of action.

___/s/ *James R. Murray*_____